A.S., a minor child, by his parents, V.S. and G.S., Appellant

v.

COLTS NECK BOARD
OF EDUCATION.

No. 04-4749.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 27, 2006.

Opinion Filed June 30, 2006.

Ira M. Fingles, Law Offices of Herbert D. Hinkle, Lawrenceville, NJ, for A.S., A Minor Child, by his Parents, V.S and G.S.

Michael F. O'Neill, David M. Hawkins, Purcell, Ries, Shannon, Mulcahy & O'Neill Crossroads Business Center, Bedminster, NJ, for Colts Neck Board of Education.

Before BARRY, VAN ANTWERPEN

and SILER,[*] Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Section 615(i)(3)(B) of the Individuals with Disability Education Act ("IDEA") provides: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). A.S., by and through his parents, G.S. and V.S. (collectively "plaintiffs"), appeal from an Order of the District Court granting in part and denying in part their request for attorneys' fees pursuant to this provision. We will affirm.

## I.

A.S. is a twelve-year-old child who suffers from autism and other mental disabilities. He resides with his parents, G.S. and V.S., in Colts Neck, New Jersey. As a result of his disabilities, A.S. is eligible for special education services under the IDEA. The Colts Neck Board of Education (the "Board") is responsible for ensuring that A.S.'s educational needs are met.

During the 1999–2000 school year, A.S. attended a class for students with autism at a Colts Neck school. In addition to this special class, the Board paid for A.S. to receive 15 hours per week of in-home Applied Behavioral Analysis ("ABA") therapy beginning in December 1999. In August 2000, a dispute erupted between A.S.'s parents and the School Board over the appropriate amount of ABA therapy and speech/language therapy A.S. should receive. Ultimately, in February 2001, the parties agreed that he would receive 12 hours of ABA therapy per week, and that the issue of speech/language therapy would be submitted to an independent expert, whose recommendations would be binding upon both parties. The expert's report, which was issued on April 30, 2001, called for three 30–minute speech/language therapy sessions per week, and recommended that A.S. be provided with a computerized voice output device and 40–minutes per week of in-class training on the device.

On May 15, 2001, the Board prepared a new Individualized Education Program ("IEP") for A.S., which called for a reduction in his ABA therapy to six hours per week. Shortly thereafter, plaintiffs requested mediation and a due process hearing before an Administrative Law Judge ("ALJ"), identifying four issues that they wished to address at the hearing. First, they disagreed with the Board's recommendation that A.S.'s ABA therapy be reduced to six hours per week, and believed that an increase to twenty-one hours per week was warranted. Second, they sought "compensatory services" for missed ABA therapy that the Board failed to provide during the 2000–2001 school year. Third, they claimed that the Board "unduly delayed" implementation of the expert's recommendations, and still had not provided A.S. with the recommended computerized voice output device or training. Finally, they sought compensatory speech/language services based on the Board's failure to provide such services in a timely fashion following the issuance of the expert's report.

The hearing before the ALJ began on November 28, 2001, at which time the ALJ conducted a conference to try to resolve

[*] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

some of the issues. As a result of this conference, the parties entered into an agreement with respect to the computerized voice output device. The Board agreed to provide the device, and plaintiffs agreed to protect the device from damage, loss, or theft. A.S. received the device the next day. Because the parties were unable to resolve the remaining three issues, the ALJ heard testimony on those issues from January through August 2002, issuing a lengthy decision on February 28, 2003. With respect to ABA therapy, the ALJ determined that 12 hours per week was appropriate. He denied the Board's request for an order reducing the amount to six hours per week, and denied plaintiffs' request for an order increasing the hours to twenty-one per week. The ALJ also dismissed plaintiffs' claims for compensatory services and therapy.

On April 4, 2003, plaintiffs filed a complaint seeking $77,166.34 for attorneys' fees, costs, and expert fees pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(B).[1] They thereafter filed a motion for summary judgment, and the Board filed a cross-motion for summary judgment. On September 9, 2004, the District Court granted plaintiffs' motion in part, and awarded them $20,593.98.[2] The Court denied the cross-motion. Plaintiffs' timely appeal followed.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. "This court reviews the District Court's denial of attorneys' fees for abuse of discretion." *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir.2006). In determining whether a district court has abused its discretion, we review factual findings for clear error while exercising plenary review over legal questions. *See County of Morris v. Nationalist Movement*, 273 F.3d 527, 535 (3d Cir.2001); *Rode v. Dellarciprete*, 892 F.2d 1177, 1182–83 (3d Cir.1990) ("We review the reasonableness of an award of attorney's fees for an abuse of discretion. An abuse of discretion can occur when no reasonable person would adopt the district court's view. Whether the district court applied the proper standards or procedures is a question of law subject to plenary review. The district court's factual findings are reviewed under a clearly erroneous standard.") (citation omitted).

## III.

■ Typically, parties are responsible for their own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). As noted above, however, the IDEA contains a specific provision authorizing an order for such fees as part of the costs to the parents of a child with a disability who is the prevailing party. 20 U.S.C. § 1415(i)(3)(B). Here, the District Court found that plaintiffs qualified as a "prevailing party" because they prevailed—to some extent—on the issue of ABA therapy.[3] The District Court explained that "[w]hile Plaintiffs did not 'win'

---

**1.** $70,208.81 in attorneys' fees, $804.33 in costs, and $6,153.20 in expert fees.

**2.** $13,636.45 in attorneys' fees and the full amounts requested for costs and expert fees. The Supreme Court recently held that the IDEA does not permit prevailing parents to recover expert fees. *Arlington Central Sch. Dist. Bd. of Educ. v. Murphy*, —— U.S. ——, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006).

Here, however, the Board has not challenged plaintiffs' recovery of expert fees, which was granted prior to the issuance of the Supreme Court's decision in *Arlington*. Accordingly, it has waived any argument on appeal as to the propriety of this award.

**3.** Plaintiffs do not challenge the District Court's finding that they did not prevail on the issue of the Board's failure to provide the

their case, in that the ALJ denied their request for an increase to twenty-one hours per week, they did 'prevail' to a certain extent by thwarting Defendant's attempt to reduce to six hours per week the home-based ABA therapy provided to their child." (App. at 8.) The District Court then concluded that the attorneys expended their time in a reasonable and responsible manner, and that the proposed hourly rates were reasonable. Nevertheless, the Court reduced plaintiffs' "lodestar" by 80% due to the fact that they prevailed on only one of their claims and, even on that claim, were not completely successful.

The Supreme Court has held that when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate [i.e., the 'lodestar' amount] may be an excessive amount." *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In such cases, a reduction in the fee award is warranted, and "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* Here, the District Court explained that it was unable to identify specific hours that should be eliminated because counsel's fee certificate did not indicate the number of hours spent working on any particular issue. Accordingly, it applied the second option and "simply reduce[d] the award to account for the [plaintiff's] limited success."

On appeal, plaintiffs challenge the extent of the reduction. They claim that the

District Court abused its discretion by impermissibly applying a rigid mathematical formula to settle upon an 80% reduction, rather than taking into account the relative importance of the various issues.[4] Specifically, they argue that such a large reduction was unwarranted since the issue they prevailed on—ABA therapy hours—was the "primary issue" in the litigation. We find this argument unpersuasive. There is no evidence that the District Court applied a strict mathematical approach without considering other relevant factors, such as the importance of the various issues. To the contrary, the District Court clearly considered plaintiffs' arguments regarding the relative weight of the issues, and found that it could not say "that the issue of home-based ABA services was paramount over all others." (App. at 11.)

■ "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.,* 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). In support of their argument that ABA therapy hours were the "primary issue" in the case, plaintiffs point to the fact that they agreed to forego litigation on two prior occasions when their concerns regarding ABA therapy were satisfied. They also rely on the fact that only three of the Board's 79 exhibits dealt directly with the compensatory speech/language services,

computerized voice output device. Accordingly, they have waived this issue, and we will accept the District Court's conclusion on this question.

4. Plaintiffs also argue that the District Court misapplied its own formula. Because they prevailed on one out of four issues, their

argument goes, their award should be reduced by 75% under a strict mathematical formula, not 80%. This is a spurious argument. As explained above, the District Court held that plaintiffs were only *partially* successful on the ABA therapy issue.

while 49 of them dealt directly with ABA therapy, and that the ALJ's decision focused primarily on that issue. Although this evidence is probative, it does not leave us "with the definite and firm conviction that a mistake has been committed." We thus conclude that the District Court applied a proper procedure to determine the appropriate fee award, and that its factual findings were not clearly erroneous.

## IV.

Accordingly, the District Court's conclusion that "$13,636.45 is an appropriate award of attorney's fees" in light of "the significance of the overall relief obtained by the plaintiffs in relation to the hours reasonably expended on the litigation" was not an abuse of its discretion.[5] We will affirm the judgment of the District Court.

---

**5.** Nor was it an abuse of discretion for the District Court to exclude $1,687.50 from the award calculation on the ground that plaintiffs' attorney failed to provide sufficient evidence supporting its reasonableness. Although, as plaintiffs point out, computerized billing records are not required under Local Rule 54.2, it was not unreasonable for the District Court to require more than the attorney's unsupported affidavit.